UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| John Doe, | ) |
|       Plaintiff, | ) |
| v. | ) No. 2:22-CV-4164 SRB |
| Advanced Correctional Healthcare, Inc., | ) |
| Dr. Alan Weaver, *in his individual capacity,* | ) |
| Dr. John Roe, *in his individual capacity,* | ) |
| Sierra Hill, *in her individual capacity,* | ) |
| Skyler Viebrock, *in his individual capacity,* | ) |
| Brad Anders, *in his official capacity as Sheriff of Pettis County, Missouri,* | ) |
| Pettis County, Missouri, | ) |
|       Defendants. | ) |

**MOTION TO PROCEED UNDER PSEUDONYM AND
FILE TRUE NAME UNDER SEAL AND MEMORANDUM IN SUPPORT**

Comes now Plaintiff and moves this Court for leave to proceed under the pseudonym "John Doe" and file his true name under seal. In support, he states:

1. Plaintiff is incarcerated at Pettis County Jail.

2. Plaintiff has serious medical needs, including diagnosed conditions of HIV, severe depression, and bipolar disorder.

3. In this suit, Plaintiff alleges: (i) deliberate indifference to his serious medical needs and failure to provide access to appropriate treatment by Defendants Weaver, Roe, Hill, and Viebrock violates his constitutional rights under the Eighth and Fourteenth Amendments; (ii)

Defendant Pettis County, Missouri, discriminated against him, an eligible person with a disability as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12131(2), by depriving him of access to life-saving medication; and (iii) Advanced Correctional Healthcare, Inc. and Pettis County, through Sheriff Brad Anders, are liable under 42 U.S.C. § 1983 for developing and maintaining policies and customs and failing to properly train and supervise Defendants Weaver, Roe, Hill, and Viebrock, causing the violation of Plaintiff's constitutional rights.

4. In this suit, Plaintiff is challenging government activity, and Plaintiff's identity is already known to Defendants. Plaintiff also would file his true name under seal and provide it to Defendants, such that no prejudice to them will attach. *See Doe v. St. Vincent's Services, Inc.*, 2021 WL 7909266, at *3 (E.D.N.Y. Sept. 29, 2021) (granting HIV-positive plaintiff's request to proceed anonymously over defendants' objection in part because defendants were "already aware" of plaintiff's identity and would "have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed").

5. Proceeding under a true name would require the disclosure of Plaintiff's private information to the general public, including but not limited to highly personal and sensitive medical information regarding Plaintiff's mental and physical health, including his status as an HIV-positive individual. *See W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (holding that the "normal practice of disclosing the plaintiff's identity should yield to plaintiff's privacy concerns" in case brought by HIV-positive plaintiff against pharmacy that deprived him of his physician-prescribed medication and calling his seropositive status "a personal matter of the utmost intimacy").[1] In *W.G.A.*, the court relied in part on the fact that a

---

[1] In this instance, because the population of Pettis County Jail is already small—fewer than 200 people at any given time—initials are insufficient to protect Plaintiff's identity.

Missouri statute requires a person's HIV status be kept "strictly confidential" except in certain circumstances. *See* Mo. Rev. Stat. § 191.656.1.

6. Plaintiff also risks harassment by other inmates and detainees and negative social stigma that could significantly affect him if his personal medical information is divulged publicly in this suit. *See W.G.A.*, 184 F.R.D. at 617 (remarking that "[p]ersons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations"); *Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127 (E.D. Wis. 1999) (holding that HIV-positive status was a "compelling reason" for plaintiff to proceed by pseudonym due to the risk of "personal embarrassment, ostracism, harassment and perhaps, discrimination").

7. Plaintiff's serious medical needs and incarcerated status make him particularly vulnerable and in need of protection, and the public interest in ascertaining Plaintiff's identity in this case is outweighed by his strong interest in maintaining his privacy over his HIV status. *See S.G. v. Mears Transp. Grp., Inc.*, 2014 WL 4637139, at *1 (M.D. Fla. 2014) (granting motion of HIV-positive plaintiff to proceed under pseudonym and finding his "HIV-related privacy interests outweigh[ed] the need for disclosure").

8. Proceeding under a pseudonym and filing his true name under seal would protect Plaintiff's interests and privacy as he seeks to vindicate his rights.

WHEREFORE Plaintiff respectfully requests that this Court grant him leave to: (i) proceed under a pseudonym, and (ii) file his true name under seal and order that it remain sealed until further order of the Court or that such other safeguards be ordered to protect Plaintiff's privacy.

Respectfully submitted,

/s/ Jessie Steffan
Jessie Steffan, #64861MO

Molly E. Carney, #70570MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 652-3114
Fax: (314) 652-3112 t
jsteffan@aclu-mo.org
mcarney@aclu-mo.org

Gillian R. Wilcox, #61278MO
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

*Attorneys for Plaintiff*

## Certificate of Service

      I hereby certify that on November 8, 2022, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF online case filing system, where it will appear to all counsel of record, and that it will be physically served on all named Defendants contemporaneously with the Complaint filed this day.

                                            /s/ Jessie Steffan