IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOHN DOE,                          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Case No. 2:22-CV-4164-SRB
                                   )
ADVANCED CORRECTIONAL              )
HEALTHCARE, INC., et al.,          )
                                   )
            Defendants.            )

## ANSWER OF DEFENDANTS ADVANCED CORRECTIONAL HEALTHCARE, INC., DR. ALAN WEAVER, AND DR. LYMAN WOSTREL TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants Advanced Correctional Healthcare, Inc., Dr. Alan Weaver, and

Dr. Lyman Wostrel, by and through counsel, and for their response to the allegations, statements,

and averments set forth in Plaintiff's First Amended Complaint, state as follows:

### *INTRODUCTION*

1.    These Defendants deny the allegations of Paragraph 1 of Plaintiff's First

Amended Complaint.

2.    These Defendants deny the allegations of Paragraph 2 of Plaintiff's First

Amended Complaint.

### *Jurisdiction and Venue*

3.    There are no factual allegations in Paragraph 3 of Plaintiff's First Amended

Complaint that require a response, but to the extent a response is deemed required, these

Defendants deny same.

4.    In response to Paragraph 4 of Plaintiff's First Amended Complaint, these

Defendants deny any events or omissions described in Plaintiff's First Amended Complaint that would give rise to a claim; however, at the present time, these Defendants do not dispute that venue is proper in the Central Division of the Western District of Missouri.

*Parties*

5.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

6.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

7.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

8.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

9.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

10.     These Defendants admit that there is an agreement between Advanced Correctional Healthcare, Inc. and Pettis County to provide specific health care services to inmates at Pettis County Jail, but deny the remaining allegations and averments of Paragraph 10 of Plaintiff's First Amended Complaint.

11.     These Defendants admit that Dr. Alan Weaver is a Missouri doctor who provided care and treatment to inmates at Pettis County Jail, at certain specific dates/times, through Advanced Correctional Healthcare, Inc.'s contract with Pettis County, but deny the remaining allegations and averments of Paragraph 11 of Plaintiff's First Amended Complaint.

12.     These Defendants admit that Dr. Lyman Wostrel is a Missouri doctor who provided care and treatment to inmates at Pettis County Jail, at certain specific dates/times, through Advanced Correctional Healthcare, Inc.'s contract with Pettis County, but deny the remaining allegations and averments of Paragraph 12 of Plaintiff's First Amended Complaint.

13.     These Defendants deny the allegations of Paragraph 13 of Plaintiff's First Amended Complaint.

*Facts*

A.     **HIV Diagnosis**

14.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

15.     These Defendants deny the allegations of Paragraph 15 of Plaintiff's First Amended Complaint.

16.     These Defendants deny the allegations of Paragraph 16 of Plaintiff's First Amended Complaint.

17.     These Defendants deny the allegations of Paragraph 17 of Plaintiff's First Amended Complaint.

18.     These Defendants deny the allegations of Paragraph 18 of Plaintiff's First Amended Complaint

**B.** **HIV Progression**

19.     These Defendants deny the allegations of Paragraph 19 of Plaintiff's First Amended Complaint.

20.     These Defendants deny the allegations of Paragraph 20 of Plaintiff's First Amended Complaint.

21.     These Defendants deny the allegations of Paragraph 21 of Plaintiff's First Amended Complaint.

22.     These Defendants deny the allegations of Paragraph 22 of Plaintiff's First Amended Complaint.

23.     These Defendants deny the allegations of Paragraph 23 of Plaintiff's First Amended Complaint.

24.     These Defendants deny the allegations of Paragraph 24 of Plaintiff's First Amended Complaint.

25.     These Defendants deny the allegations of Paragraph 25 of Plaintiff's First Amended Complaint.

26.     These Defendants deny the allegations of Paragraph 26 of Plaintiff's First Amended Complaint.

27.     These Defendants deny the allegations of Paragraph 27 of Plaintiff's First Amended Complaint.

**C.** **HIV Treatment Conditioned on Ability to Pay**

28.     These Defendants deny the allegations of Paragraph 28 of Plaintiff's First Amended Complaint.

29.     These Defendants deny the allegations of Paragraph 29 of Plaintiff's First

Amended Complaint.

30. These Defendants deny the allegations of Paragraph 30 of Plaintiff's First Amended Complaint.

31. These Defendants deny the allegations of Paragraph 31 of Plaintiff's First Amended Complaint.

32. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 32 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

33. These Defendants deny the allegations of Paragraph 33 of Plaintiff's First Amended Complaint.

## D. **Mr. Doe's Requests for Help**

34. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 34 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

35. These Defendants deny the allegations of Paragraph 35 of Plaintiff's First Amended Complaint.

36. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 36 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

37. These Defendants deny the allegations of Paragraph 37 of Plaintiff's First Amended Complaint.

38.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

39.     These Defendants deny the allegations of Paragraph 39 of Plaintiff's First Amended Complaint.

40.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 40 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

41.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

42.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

43.     These Defendants deny the allegations of Paragraph 43 of Plaintiff's First Amended Complaint.

44.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 44 of Plaintiff's First Amended Complaint, and therefore, deny same.

45.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 45 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

46.     These Defendants deny the allegations of Paragraph 46 of Plaintiff's First Amended Complaint.

47.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 47 of Plaintiff's First Amended Complaint, and therefore, deny same.

48.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 48 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

49.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 49 of Plaintiff's First Amended Complaint, and therefore, deny same.

50.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 50 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

51.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 51 of Plaintiff's First Amended Complaint, and therefore, deny same.

52.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 52 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

53.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 53 of Plaintiff's First Amended Complaint, and therefore, deny same.

54.     These Defendants deny the allegations of Paragraph 54 of Plaintiff's First Amended Complaint.

55.     These Defendants deny the allegations of Paragraph 55 of Plaintiff's First Amended Complaint.

56.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 56 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

57.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 57 of Plaintiff's First Amended Complaint, and therefore, deny same.

58.     These Defendants deny the allegations of Paragraph 58 of Plaintiff's First Amended Complaint.

59.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 59 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

60.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 60 of Plaintiff's First Amended Complaint, and

therefore, deny same.

61.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 61 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

62.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 62 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

63.     These Defendants deny the allegations of Paragraph 63 of Plaintiff's First Amended Complaint.

64.     These Defendants admit that Dr. Wostrel replaced Dr. Weaver, but deny the remaining allegations and averments of Paragraph 64 of Plaintiff's First Amended Complaint.

65.     These Defendants deny the allegations of Paragraph 65 of Plaintiff's First Amended Complaint.

66.     These Defendants deny the allegations of Paragraph 66 of Plaintiff's First Amended Complaint.

## E.     Mr. Doe Obtains Outside Funding and Goes to the Hospital

67.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 67 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

68.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 68 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

69.     These Defendants deny the allegations of Paragraph 69 of Plaintiff's First

Amended Complaint.

70.     At this time and without the benefit of and/or review of the complete medical records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 70 of Plaintiff's First Amended Complaint, and therefore, deny same.

71.     These Defendants admit that the medical records filed with this Court indicate that the patient's CD4 count was 124.5 on May 24, 2022 and 266 on August 9, 2022, but deny the remaining allegations and averments of Paragraph 71 of Plaintiff's First Amended Complaint.

72.     These Defendants admit that the medical records filed with this Court indicate that the patient was prescribed Bactrim DS, but deny the remaining allegations and averments of Paragraph 72 of Plaintiff's First Amended Complaint.

73.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 73 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

74.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 74 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

75.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 75 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

76.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 76 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

77.     These Defendants are without sufficient information to admit or deny the

allegations of Paragraph 77 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

78.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 78 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

79.     These Defendants deny the allegations of Paragraph 79 of Plaintiff's First Amended Complaint.

80.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 80 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

81.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 81 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

82.     These Defendants deny the allegations of Paragraph 82 of Plaintiff's First Amended Complaint.

83.     These Defendants deny the allegations of Paragraph 83 of Plaintiff's First Amended Complaint.

84.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 84 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

85.     These Defendants deny the allegations of Paragraph 85 of Plaintiff's First Amended Complaint.

86.     These Defendants deny the allegations of Paragraph 86 of Plaintiff's First

Amended Complaint.

87.     These Defendants deny the allegations of Paragraph 87 of Plaintiff's First Amended Complaint.

88.     These Defendants deny the allegations of Paragraph 88 of Plaintiff's First Amended Complaint.

89.     These Defendants deny the allegations of Paragraph 89 of Plaintiff's First Amended Complaint.

**F.**     **Deprivation of Mental Health Medications**

90.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 90 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

91.     These Defendants are without sufficient information to admit or deny the allegations of Paragraph 91 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

92.     These Defendants deny the allegations of Paragraph 92 of Plaintiff's First Amended Complaint.

93.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 93 of Plaintiff's First Amended Complaint, and therefore, deny same.

94.     At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 94 of Plaintiff's First Amended Complaint, and

therefore, deny same.

95. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 95 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

96. At this time and without the benefit of and/or review of the complete medical and/or grievance records, these Defendants are without knowledge or information sufficient to admit or deny the allegations of Paragraph 96 of Plaintiff's First Amended Complaint, and therefore, deny same.

97. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 97 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

98. These Defendants deny the allegations of Paragraph 98 of Plaintiff's First Amended Complaint.

99. These Defendants deny the allegations of Paragraph 99 of Plaintiff's First Amended Complaint.

100. These Defendants deny the allegations of Paragraph 100 of Plaintiff's First Amended Complaint.

101. These Defendants deny the allegations of Paragraph 101 of Plaintiff's First Amended Complaint.

## G.   **Failure to Supervise and a Policy or Custom of Deliberate Indifference to Serious Medical Needs of Pretrial Detainees and Inmates at Pettis County Jail**

102. These Defendants deny that inmate medical care is deficient at Pettis County Jail, but are without sufficient information to admit or deny the remaining allegations of Paragraph

102 of Plaintiff's First Amended Complaint, and therefore deny same as a matter of form.

103. These Defendants deny that correctional officers without medical training make all medical decisions, but are without sufficient information to admit or deny the remaining allegations of Paragraph 103 of Plaintiff's First Amended Complaint, and therefore deny same as a matter of form.

104. These Defendants deny that there was "no access to mental health care for anyone," but are without sufficient information to admit or deny the remaining allegations of Paragraph 104 of Plaintiff's First Amended Complaint, and therefore deny same as a matter of form.

105. These Defendants admit that prior to Pettis County contracting with ACH for nursing services, inmate requests for medical visits with the site physician were usually coordinated through a medical officer or other custody personnel, but deny the remaining allegations of Paragraph 105 of Plaintiff's First Amended Complaint.

106. These Defendants deny the allegations of Paragraph 106 of Plaintiff's First Amended Complaint.

107. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 107 of Plaintiff's First Amended Complaint, and therefore, deny same as a matter of form.

108. These Defendants deny the allegations of Paragraph 108 of Plaintiff's First Amended Complaint.

109. These Defendants deny the allegations of Paragraph 109 of Plaintiff's First Amended Complaint.

110. These Defendants deny the allegations of Paragraph 110 of Plaintiff's First

Amended Complaint regarding Pettis County's inmate medical program, but are without sufficient information to admit or deny the remaining allegations of Paragraph 110 of Plaintiff's First Amended Complaint, and therefore deny same as a matter of form.

111. These Defendants deny the allegations of Paragraph 111 of Plaintiff's First Amended Complaint regarding inmate medical care, but are without sufficient information to admit or deny the remaining allegations of Paragraph 111 of Plaintiff's First Amended Complaint, and therefore deny same as a matter of form.

112. These Defendants deny the allegations of Paragraph 112 of Plaintiff's First Amended Complaint.

113. These Defendants deny the allegations of Paragraph 113 of Plaintiff's First Amended Complaint.

## COUNT I

*42 U.S.C. § 1983 – Fourteenth Amendment*
*Against Defendants Weaver, Wostrel, Hill, and Viebrock*

114. In response to Paragraph 114 of Plaintiff's First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1 through 113 as though set forth in full herein.

115. These Defendants are without sufficient information to admit or deny the allegations of Paragraph 115 of Plaintiff's First Amended Complaint and therefore deny same as a matter of form.

116. These Defendants deny the allegations of Paragraph 116 of Plaintiff's First Amended Complaint.

117. These Defendants deny the allegations of Paragraph 117 of Plaintiff's First Amended Complaint.

118.     These Defendants deny the allegations of Paragraph 118 of Plaintiff's First Amended Complaint.

119.     These Defendants deny the allegations of Paragraph 119 of Plaintiff's First Amended Complaint.

120.     These Defendants deny the allegations of Paragraph 120 of Plaintiff's First Amended Complaint.

121.     These Defendants deny the allegations of Paragraph 121 of Plaintiff's First Amended Complaint.

122.     These Defendants deny that Plaintiff is entitled to any of the relief sought per Paragraph 122, and all subparagraphs thereof, of Plaintiff's First Amended Complaint.

## COUNT II
*Americans with Disabilities Act*
*Against Defendant Pettis County, Missouri*

123-130.     The allegations of Count II of Plaintiff's First Amended Complaint are not directed against these Defendants so no answer is required thereto. To the extent that any of said allegations are deemed as directed against these Defendants then each such allegation is specifically denied.

## COUNT III
*42 U.S.C. § 1983 – Municipal Liability*
*Unconstitutional Policies*
*Failure to Train and Supervise*
*Against Defendants Pettis County, Brad Anders, and Advanced Correctional Healthcare, Inc.*

131.     In response to Paragraph 131 of Plaintiff's First Amended Complaint, these Defendants incorporate by reference their responses to Paragraphs 1 through 130 as though set forth in full herein.

132.     These Defendants deny the allegations of Paragraph 132 of Plaintiff's First

Amended Complaint.

133.    These Defendants deny the allegations of Paragraph 133 of Plaintiff's First Amended Complaint.

134.    These Defendants deny the allegations of Paragraph 134 of Plaintiff's First Amended Complaint.

135.    These Defendants deny the allegations of Paragraph 135 of Plaintiff's First Amended Complaint.

136.    These Defendants deny the allegations of Paragraph 136 of Plaintiff's First Amended Complaint.

137.    These Defendants deny the allegations of Paragraph 137 of Plaintiff's First Amended Complaint.

138.    These Defendants deny the allegations of Paragraph 138 of Plaintiff's First Amended Complaint.

139.    These Defendants deny that Plaintiff is entitled to any of the relief sought per Paragraph 139, and all subparagraphs thereof, of Plaintiff's First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1.    These Defendants state that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Rule 12 (b) and (c), Fed. R. Civ. P.

2.    These Defendants state that maintenance of this cause of action violates these Defendants' right to due process.

3.    These Defendants state that the Plaintiff's own negligence and non-compliance contributed to the injuries alleged.

4.    These Defendants state that Plaintiff's First Amended Complaint is frivolous

within the meaning of 28 U.S.C. Section 1915(d) as Plaintiff has no reasonable likelihood of success on the merits.

5.      These Defendants state that they are protected from liability and suit under the doctrines of qualified, absolute, judicial, and official immunity.

6.      Plaintiff's claims are premature as he has not exhausted all available administrative remedies, including grievance procedures, such that Plaintiff has not complied with conditions precedent to suit under the Prison Litigation Reform Act.

7.      These Defendants claim reliance on the benefits and provisions of Chapters 537 and 538, RSMo., as amended by House Bill 393 on August 28, 2005, including but not limited to, Section 537.060, 537.067, 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and/or 538.300, as each may pertain to this cause of action.

8.      These Defendants did not violate the United States Constitution, the United States Code, any Missouri law, or any statutory right.

9.      Plaintiff's damages and/or injuries, if any, were the result of and proximately caused by plaintiff's own negligence, fault, conduct and behavior, and/or the acts and/or negligence, fault, conduct and behavior of one or more persons or entities over whom defendants have no control or right to control, and whose fault should be compared and any damages should be reduced or apportioned thereby in accordance with the comparative fault laws of the State of Missouri and Chapter 538 of the Revised Statutes of Missouri.

10.      If a defendant or other party makes a settlement with Plaintiff or if Plaintiff receives anything of value from such a party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff or, in the alternative, that the amount of payment or consideration should be set off against any

judgment that may be entered against these Defendants. These Defendants state that they may claim reliance upon §537.060 RSMo., and that these Defendants are entitled to a reduction in the amount of money from any verdict of any agreements and/or settlements with any defendant herein, whether previously a defendant, or currently a defendant, including but not limited to any party who has settled, or may in the future settle with Plaintiff, and that these Defendants are entitled to a reduction of the claim or verdict against it by the stipulated amount of the agreement, or by the amount of consideration paid, whichever is greater.

11.    Plaintiff's cause of action is barred by the statute of limitations.

12.    Pleading hypothetically and in the alternative, these Defendants state that the sole and proximate cause of Plaintiff's alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than these Defendants over whom these Defendants had no control.

13.    Plaintiff's First Amended Complaint should be dismissed for lack of subject matter jurisdiction.

14.    In the event damages are awarded for future damages in excess of the amount specified in RSMo. Section 538.220, said damages should be payable in periodic or installment payments.

15.    Any verdict rendered into this case for future damages must be itemized and expressed by the trier of fact at present value pursuant to RSMo. 538.215.2.

16.    In the event non-economic damages are awarded Plaintiff, the limitation on non-economic damages (damage caps) provided under RSMo. Section 538.210 or other applicable statute shall be applied, and in accordance with RSMo. 538.215, or said statute, any award of non-economic damages in excess of the limit shall be reduced by the Court to the maximum

amount allowed by law.

17.     Plaintiff's First Amended Complaint fails to set forth special damages, or allegations with enough specificity or certainty.

18.     These Defendants state that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. Section 1997(e)e.

19.     These Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

20.     Plaintiff failed to state a claim for exemplary damages against these Defendants because Plaintiff has not pled facts that demonstrate by clear and convincing evidence that these Defendants engaged in outrageous conduct based upon an evil motive or reckless indifference to the rights of others.

21.     Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of the State of Missouri, including, but not limited to, the following grounds:

    (a)     The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for awarding and assessing such damages are unconstitutionally vague;

    (b)     The submission and recovery of punitive damages by Plaintiff in this case are barred by the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section

10 of the Missouri Constitution, because there are no realistic standards or limits imposed upon the amount and no required relationship between the actual damage sustained and the amount of punitive damages which may be awarded;

(c) The submission and recovery of punitive damages by Plaintiff in this case are barred by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and Article I, Section 2 of the Missouri Constitution, because the vague standards employed in punitive damages cases results in extremely disparate results among similar defendants accused of similar conduct;

(d) The submission and recovery of punitive damages by Plaintiff in this case are barred by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 19, 3 and 15 of the Missouri Constitution, since the purpose of punitive damages is punishment and deterrence, and there are not adequate procedural safeguards to protect Defendant's rights against self-incrimination, the right to proof beyond a reasonable doubt and the right to freedom from unreasonable searches and seizures;

(e) The submission and recovery of punitive damages by Plaintiff in this case are barred by the Eighth Amendment of the Constitution of the United States and Article I, Section 21 of the Missouri Constitution, because an award of punitive damages would constitute an excessive fine in that under applicable Missouri law, a portion of punitive damages awards are

paid to the State of Missouri, thus constituting a penal fine that is

excessive and disproportionate to the conduct at issue in this case;

(f)     The award of punitive damages to Plaintiff in this action would constitute

a deprivation of these Defendants' property without due process of law in

violation of the Fifth and Fourteenth Amendments to the United States

Constitution.

(g)     The submission and recovery of punitive damages in this case is barred by

the due process clauses of the Fifth and Fourteenth Amendments of the

Constitution of the United States and Article I, Section 10 of the Missouri

Constitution, because Plaintiff's claims for punitive damages serve no

compensatory function and is not necessary to vindicate the public interest

to deter such conduct, or to punish this Defendant and deter conduct in the

future.

(h)     To the extent applicable and to the extent these Defendants are being sued for

tort claims under state law, punitive damages are prohibited and/or barred by

RSMo. Section 537.610.

(i)     To the extent applicable and the extent these Defendants are being sued in a

representative or official capacity under color of state law, Plaintiff is not

entitled to any punitive damage award against them because such damages may

not be awarded against them in a claim under 42 U.S.C. Section 1983 pursuant

to City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) and its progeny.

22.     Should it be determined that Plaintiff is entitled to seek punitive damages

against these Defendants at trial, these Defendants demand a bifurcated trial.

23. Defendants did not retaliate against Plaintiff.

24. The medical care provided to Plaintiff was within the applicable standard of care.

25. Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

26. Defendants are not responsible for the policies of the Pettis County Jail.

27. Plaintiff has failed to join all necessary parties under Rule 19.

## DEMAND FOR TRIAL BY JURY

28. Pursuant to Federal Rules of Civil Procedure 38 and 81(c) and Local Rule 38.1, these Defendants demand a jury trial on all claims and issues asserted in this action.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants, Advanced Correctional Healthcare, Inc., Dr. Alan Weaver, and Dr. Lyman Wostrel request this Court dismiss Plaintiff's First Amended Complaint at Plaintiff's own cost.

Respectfully Submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode Mo. Bar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com

*/s/ Lisa Howe*
Lisa Howe Mo. Bar #45072
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Road, Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
lhh@eckenrode-law.com
*Attorneys for Defendants Advanced Correctional*
*Healthcare, Inc., Dr. Alan Weaver, and Dr. Lyman*
*Wostrel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail on this 23rd day of December 2022 to the following:

**Jessie Steffan**
**Anthony E. Rothert**
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
jsteffan@aclu-mo.org
trothert@aclu-mo.org

**Gillian R. Wilcox**
ACLU of Missouri Foundation
406 W. 34th Street, Suite 420
Kansas City, Missouri 64111
gwilcox@aclu-mo.org

**Michael G. Berry**
**Ryan J. McDaniels**
Newman, Comley & Ruth, P.C.
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO 65102
michaelberry@ncrpc.com
ryan.m@ncrpc.com
Attorneys for Defendants Sierra Hill, Skyler Viebrock, Brad Anders, and Pettis County, Missouri

*/s/ Joan Monninger*
