IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-CV-04164-SRB |
| | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS SIERA HILL, SKYLER VIEBROCK, BRAD ANDERS AND PETTIS COUNTY, MISSOURI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW Defendants Siera Hill (individual capacity), Skyler Viebrock (individual capacity), Brad Anders (official capacity) and Pettis County, Missouri (collectively "Defendants") and for their Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint") states as follows:

1. The allegations of paragraphs 1, 2, 3, and 4 of Plaintiff's Complaint are legal conclusions for which no responsive pleading is required. To the extent paragraphs 1 or 2 allege facts for which a response is required, same are denied.

2. Defendants admit the allegations of paragraphs 5, 6, 7, 8, and 9 of Plaintiff's Complaint.

3. Defendants are without sufficient knowledge to admit or deny the allegations of paragraphs 10, 11, and 12 of Plaintiff's Complaint, and therefore deny same.

4. Defendants deny the allegations of paragraph 13 of Plaintiff's Complaint.

5. Defendants admit the allegations of paragraph 14 of Plaintiff's Complaint.

6. Defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

1

7. Defendants admit the allegations of paragraphs 16, 17 and 18 of Plaintiff's Complaint.

8. Defendants are without sufficient knowledge to admit or deny the allegations of paragraphs 19, 20, 21, 22, 23, 24, 25, 26 and 27 of Plaintiff's Complaint, and therefore deny same.

9. Defendants deny the allegations of paragraphs 28, 29, 30, 31, 32, and 33 of Plaintiff's Complaint.

10. Defendants admit the allegations of paragraph 34 of Plaintiff's Complaint.

11. Defendants deny the allegations of paragraphs 35, 36 and 37 of Plaintiff's Complaint.

12. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 39 of Plaintiff's Complaint, and therefore deny same.

13. Defendants deny the allegations of paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, and 57 of Plaintiff's Complaint.

14. Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 58 of Plaintiff's Complaint, and therefore deny same.

15. Defendants deny the allegations of paragraphs 59, 60, 61, 62, and 63 of Plaintiff's Complaint.

16. Defendants are without sufficient knowledge to admit or deny the allegations of paragraphs 64, 65, 66, 67, and 68 of Plaintiff's Complaint, and therefore deny same.

17. Defendants deny the allegations of paragraph 69 of Plaintiff's Complaint.

18. Defendants are without sufficient knowledge to admit or deny the allegations of paragraphs 70, 71, 72, 73, 74, and 75 of Plaintiff's Complaint, and therefore deny same.

19. Defendants deny the allegations of paragraphs 76, 77, 78, 79, 80 81, 82, 83, 84, 85, and 86 of Plaintiff's Complaint.

20. Defendants are without sufficient knowledge to admit or deny the allegations of paragraphs 87, 88, 89, 90 and 91 of Plaintiff's Complaint, and therefore deny same.

21. Defendants deny the allegations of paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, and 113 of Plaintiff's Complaint.

## COUNT I

22. Count I of Plaintiff's Complaint does not state a cause of action against Defendants Pettis County or Sheriff Anders, and therefore those Defendants make no response to Count I. To the extent a response is required from these Defendants, they deny each and every allegation of paragraphs 114 to 122 of Plaintiff's Complaint.

23. In response to paragraph 114 of Plaintiff's Complaint, Defendants Viebrock and Hill incorporate by reference their responses to paragraphs 1 to 113 of Plaintiff's Complaint as though fully stated herein.

24. Defendants Viebrock and Hill deny the allegations of paragraphs 114, 115, 116, 117 118, 119, 120, and 121 of Plaintiff's Complaint.

25. As to the allegations of paragraph 122 of Plaintiff's Complaint, same is Plaintiff's prayer for relief, which is not a factual allegation requiring response. To the extent a response is required, Defendants Viebrock and Hill deny that Plaintiff is entitled to any relief sought therein and instead pray for this Court's Order dismissing Count I of Plaintiff's Complaint against these Defendants.

## COUNT II

26. Count II of Plaintiff's Complaint does not state a cause of action against Defendants Viebrock, Hill or Sheriff Anders, and therefore those Defendants make no response to Count II. To the extent a response is required from these Defendants, they deny each and every allegation of paragraphs 123 to 130 of Plaintiff's Complaint.

27. In response to paragraph 123 of Plaintiff's Complaint, Defendant Pettis County, Missouri incorporates by reference its responses to paragraphs 1 to 122 of Plaintiff's Complaint as though fully stated herein.

28. Defendant Pettis County denies the allegations of paragraphs 124, 125, 126, 127, 128, and 129 of Plaintiff's Complaint.

29. As to the allegations of paragraph 130 of Plaintiff's Complaint, same is Plaintiff's prayer for relief, which is not a factual allegation requiring response. To the extent a response is required, Defendant Pettis County, Missouri denies that Plaintiff is entitled to any relief sought therein and instead prays for this Court's Order dismissing Count II of Plaintiff's Complaint against this Defendant.

## COUNT III

30. Count III of Plaintiff's Complaint does not state a cause of action against Defendants Viebrock or Hill and therefore those Defendants make no response to Count III. To the extent a response is required from these Defendants, they deny each and every allegation of paragraphs 131 to 139 of Plaintiff's Complaint.

31. In response to paragraph 131 of Plaintiff's Complaint, Defendants Pettis County, Missouri and Sheriff Anders incorporate by reference their responses to paragraphs 1 to 130 of Plaintiff's Complaint as though fully stated herein.

32. Defendants Pettis County, Missouri and Sheriff Anders deny the allegations of paragraphs 132, 133, 134, 135, 136, 137, and 138 of Plaintiff's Complaint.

33. As to the allegations of paragraph 139 of Plaintiff's Complaint, same is Plaintiff's prayer for relief, which is not a factual allegation requiring response. To the extent a response is required, Defendants Pettis County, Missouri and Sheriff Anders deny that Plaintiff is entitled to any relief sought therein and instead pray for this Court's Order dismissing Count III of Plaintiff's Complaint against these Defendants.

34. Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Defendants state, as an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12 (b) and (c).

2. Defendants state, as an affirmative defense, that Plaintiff's own negligence and non-compliance caused or contributed to cause the injuries alleged.

3. Defendants state, as an affirmative defense, that Plaintiff's allegations and requested accommodations concerning the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) would constitute an undue burden on the County and individual defendants because of the costs and burdens associated and with the requests. See *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

4. Defendants state, as an affirmative defense, that Pettis County has sovereign immunity under Section 537.600-610, RSMo.

5. States as an affirmative defense that the liability coverage provided to the County by the Missouri Public Entity Risk Management Fund expressly preserves the defense of sovereign immunity, as does MOPERM's enabling legislation, Section 537.745.1, RSMo., such that in obtaining liability coverage from MOPERM, Pettis County did not waive sovereign immunity.

6. Defendants state, as an affirmative defense, that as to claims arising under federal law against Defendants, they have qualified immunity in that they did not at any time intentionally violate any of the Plaintiff's clearly established federal rights.

7. Defendants state, as an affirmative defense, that Defendants were not the proximate cause of Plaintiff's injuries.

8. Defendants state, as an affirmative defense, that Defendants are immune from punitive damages pursuant to Section 537.610, RSMo.

9. Defendants state, as an affirmative defense, that any award against Defendant is subject to the Sovereign Immunity cap pursuant to Section 537.610, RSMo.

10. Plaintiff's damages, if any, must be barred or reduced by the doctrine of comparative fault because Plaintiff's conduct was a contributing cause of his damages.

11. Defendants state, as an affirmative defense, that all claims purporting to impose vicarious liability on Pettis County are not actionable under 42. U.S.C. § 1983.

12. Defendants state, as an affirmative defense, that Plaintiff has no actionable claim for punitive damages against Defendants in Federal Court.

13. Defendants state, as an affirmative defense, that they rely on the benefits and provisions of Chapters 537 and 538, as amended on August 28, 2005.

14. Defendants state, as an affirmative defense, that if another defendant or another party makes a settlement with Plaintiff or if Plaintiff receives anything of value from such a party, the amount of such payment or consideration should be treated as a payment in full satisfaction of Plaintiff's damages, or, in the alternative, as a set off against any judgment entered against these Defendants, as stated in Section 537.060, RSMo.

15. Defendants reserve the right to assert such other and further affirmative defenses as may be discovered during the litigation of this matter.

WHEREFORE, Defendants respectfully request that this Court enter its order dismissing Plaintiff's claims against these Defendants, or, in the alternative, after hearing finding all matters in Defendants favor and granting Defendants such other rand further relief as this Court deems just under the circumstances.

NEWMAN, COMLEY & RUTH, P.C.

_____
Michael G. Berry     #33790
Ryan J. McDaniels    #63072
601 Monroe Street, Suite 301
P.O. Box 537
Jefferson City, MO 65102
(573) 634-2266
(573) 636-3306 (Facsimile)
michaelberry@ncrpc.com

Attorneys for Defendants Sierra Hill, Skyler Viebrock, Brad Anders and Pettis County, Missouri

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically upon all counsel of record on this 27th day of December, 2022.

_____